William C. Hecht, Jk., J.
Petitioner trust bank seeks an order (1) directing petitioner to pay to the Gustavus Adolphus Evangelical Lutheran Church out of the principal of the trust the sum of $115,311 if the court determines that this is permissible under the trust indenture; (2) judicially settling and allowing the account filed herein.
The creator of the trust is a religious corporation, organized under article 10 of the Beligious Corporations Law. Pursuant to the provisions of section 5 of that law, it established a trust by an indenture, dated October 5, 1939.
Article First of the indenture provides: £ £ First: The Trustee shall invest and reinvest the said property and securities and shall collect the income and profits thereof and shall pay the net income thereof in quarterly payments on the 1st of January, April, July and October in each year to the Grantor Church for its general corporate purposes until the expiration of twenty-five (25) years from the date of this instrument, at which time the said trust shall be renewed upon such terms and for such further period of time as the Board of Trustees of the said Grantor Church and the Trustee shall agree. In the event that the said Board of Trustees of the said Grantor Church shall fail to renew the terms of said trust at said time, then the said trust shall terminate and the balance of principal and income remaining in said trust shall be paid to the Grantor Church, less the expenses and commissions of the Trustee.”
On March 14, 1960, the church delivered to the bank an instrument executed by the church on March 12, 1960, whereby it notified the bank that it partially revoked the trust as follows: “does hereby partially revoke the powers and trust created and conferred by the Grantor Church in said agreement upon said Bank of New York pursuant to Section 23 of the Personal Property Law of the State of New York and said Grantor Church does hereby require and demand that you remit to it the sum of $115,311.00 and that, in addition, you liquidate sufficient assets of the Trust to pay such principal commissions to which you may be entitled, your attorneys’ fee and other expenses of the accounting proceeding, and Wilford L. Wilson, Esq. is hereby designated as our representative to receive the said sum of $115,311.00.” The pertinent provisions of section 23 of the Personal Property Law state: “ Upon the written *646 consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof.”
Here, the church was the “ creator ” of the trust “ in personal property”. It is a “person” (General Construction Law, § 37) and is the only person beneficially interested in the trust. Having executed the necessary consent it effectively partially revoked the trust.
The account, to which no objection has been filed, is approved.